79 F.3d 1164
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sam B. BOWMAN, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 95-3533.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1996.
 
 Before MAYER, MICHEL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sam B. Bowman petitions for review of the initial decision of the Merit Systems Protection Board, No. SE1221950067-W-1, denying his individual right of action appeal, which alleged that the Department of the Interior had failed to select him for some fifteen positions in retaliation for prior whistleblowing involving the U.S. Army Corps of Engineers. The initial decision became final on April 24, 1995, without Bowman filing a petition for review by the full board. 5 C.F.R. § 1201.113 (1995). We affirm.
 
 
 2
 We must affirm the board's denial of Bowman's appeal unless it is demonstrated to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Bowman has not met this burden.
 
 
 3
 The focus of Bowman's appeal is on whether his whistleblowing was a contributing factor to his nonselection for the one position, of the fifteen for which he applied, in which the selecting official knew of his whistleblowing activities. The board's decision is thorough and based largely on credibility determinations, which are virtually unreviewable here. See Watson v. Department of Justice, 64 F.3d 1524, 1531 (Fed.Cir.1995).
 
 
 4
 The selecting official testified that she considered Bowman's whistleblowing as a positive factor. She also testified that she had filed three discrimination complaints against the Corps herself. Consequently, she does not consider people who file complaints against their employing agency to be disloyal. Nor does she believe that such complaints should adversely affect hiring decisions. The record indicates that the selecting official ultimately hired an applicant with superior communication and listening skills, skills which she considered to be very important for the position at issue. The administrative judge found the selecting official's testimony to be very credible. Conversely, the administrative judge found Bowman's testimony to be lengthy and nonresponsive, thus buttressing the selecting officials' assessment of him as a poor listener. Finally, the selecting official eventually offered Bowman a different position, which he declined, further indicating that his whistleblowing was not a contributing factor in his nonselection.